# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:17-CR-7 ALM/KPJ |
| | § | |
| JUAN FRANCISCO GUTIERREZ-MEJIA | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 11, 2017, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Heather Rattan.

On May 23, 2012, Defendant was sentenced by the Honorable Joseph M. Hood, United States District Judge for the Southern District of Texas, to a sentence of thirty three (33) months imprisonment followed by a three (3) year term of supervised release for the offense of Reentry of Deported Alien. Defendant began his term of supervision on May 19, 2015. On December 15, 2016, jurisdiction of this case was transferred to the Eastern District of Texas and the case was assigned to the Honorable Amos L. Mazzant, U. S. District Judge.

On February 8, 2017, the U.S. Probation Officer filed a First Amended Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 3). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; and (2) If deported, Defendant is not to re-enter the United States illegally. If Defendant is deported during the period of probation or the supervised release term,

supervision by the probation office becomes inactive. If Defendant returns, Defendant shall report to the nearest U.S. Probation Office immediately. Supervision by the probation officer reactivates automatically upon Defendant's return.

The Petition alleges that Defendant committed the following violations: (1) Defendant, an alien who previously had been denied admission, excluded, deported, and removed on or about May 28, 2015, knowingly and unlawfully was found in the United States on or about November 14, 2015. On February 10, 2016, Defendant was indicted in Docket Number 4:16cr13-1 for committing the offense of Reentry of Deported Alien in violation of Title 8 U.S.C 1326(a) and (b). On August 31, 2016, Defendant entered a guilty plea and as of this writing is awaiting sentencing in this matter; (2) Additionally, it is alleged that on November 14, 2015, Defendant was stopped by the Flower Mound, Texas, Police Department on a traffic stop in a 2002 Saturn traveling at 61 miles per hour in a 45 mile per hour zone. Defendant identified himself as Juan Bonce. The name Juan Bonce failed to yield any information and the officer proceeded to write a citation for no drivers license, no insurance, and expired registration. The officer made contact with offender to finish writing the citation when the offender offered the name Juan Francisco Ponce. At that time, the officer received information of a possible match with an alias as Juan Francisco Gutierrez-Mejia. The officer confirmed the identity of the offender as that of Juan Francisco Gutierrez-Mejia. There was an active warrant pending for Defendant's arrest in Laredo, Texas, for Burglary, on May 14, 2013, prior to the federal conviction; (3) On December 16, 2015, Defendant plead no contest and was convicted of the offense of Fail to ID Fugutive Intent Give False Information. Defendant was sentenced to twenty five (25) days imprisonment and $229 in court costs; and (4) Defendant was deported to Mexico on or about May 28, 2015; however; Defendant has failed to remain outside the United State, as evidenced

2

by his arrest by the Flower Mound, Texas, Police Department on November 14, 2015.

At the hearing, Defendant entered a plea of true to allegation one (1) and two (2). Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

### <u>RECOMMENDATION</u>

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the April 11, 2015, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months to run consecutively with any other sentence being served.

**SIGNED this 20th day of April, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE